UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| RONALD D. LOCKHART, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NO. 3:09-cv-100 RLY-WGH |
| | ) |
| DUKE ENERGY INDIANA, INC. and | ) |
| SUBSURFACE CONSTRUCTION | ) |
| CORPORATION, | ) |
| | ) |
| Defendants. | ) |

## *COMPLAINT*

### PLAINTIFF DEMANDS TRIAL BY JURY

Comes now Plaintiff, Ronald D. Lockhart, by and through his undersigned attorneys, for his complaint against Defendants Duke Energy Indiana, Inc. and Subsurface Construction Corporation, alleges and states as follows:

### General Allegations - Jurisdiction and Venue

1. Plaintiff Ronald D. Lockhart is a resident and citizen of Illinois residing at 11615 East 920 Lane, Mt. Carmel, Wabash County, Illinois.

2. Defendant Duke Energy Indiana, Inc. (hereinafter "Duke") is a citizen of Indiana, it is incorporated in the State of Indiana and has its principal place of business in the State of Indiana.

3. Defendant Subsurface Construction Corporation (hereinafter "Subsurface") is a citizen of Texas, it is incorporated in the State of Texas, and has its principal place of business in Houston, Texas.

4. At all times material hereto, Subsurface regularly conducted business in Gibson

1

County, Indiana.

5. The amount in controversy is greater than $75,000.

6. On and prior to January 18, 2008, Defendant Duke and Defendant Subsurface contracted for the construction and drilling of waste disposal wells on Duke's property located at its Gibson Generating Station in Gibson County, Indiana.

7. On and about January 3, 2008, Defendant Duke and Defendant Subsurface contracted with Pioneer Oil Field Services, LLC for the construction and drilling of Waste Disposal Well No. 3 on Duke's property located at its Gibson Generating Station in Gibson County, Indiana.

8. On or about January 18, 2008 Defendants, and each of them, owned, operated, supervised, were constructing and/or drilling a waste disposal well commonly known as Waste Disposal Well No. 3 on the premises of Duke's Gibson Generating station in Gibson County, Indiana.

9. On January 18, 2008, Plaintiff, Ronald D. Lockhart, was employed by Pioneer Oil Field Services, L.L.C. and working in furtherance of the aforesaid project when he was injured in a fall through an opening in the drilling rig floor.

10. This Court has jurisdiction based on 28 U.S.C. §1332. The parties are citizens of diverse jurisdictions and the amount in controversy exceeds the sum of $75,000.00, exclusive of interests and costs.

11. Venue is appropriate in this judicial district under 28 U.S.C. §1391(a) in that a substantial part of the events or omissions giving rise to the claim occurred within the Southern District of Indiana.

## Count I - Negligence - Duke

1 - 11.  Plaintiff repeats, realleges, and incorporates by reference, Paragraphs One (1) through Eleven (11) of the General Allegations as if fully set forth herein.

12.  That on the aforesaid time and place and prior thereto, the Defendant Duke, through its agents, servants and employees, was present during the course of the construction and drilling of the above identified disposal well and participated in coordinating the work being performed, designated various work methods, maintained and checked work progress and participated in the scheduling and inspection of the work.  In addition, Defendant Duke maintained the authority to stop the work, refuse the work, order changes in the work and to terminate the employment of any workers not following Defendant Duke's instructions and safety rules.

13.  That at all times material hereto, Defendant Duke had a duty to exercise reasonable care in the construction and/or drilling of the aforesaid waste disposal well, including the provision of safe, suitable and proper working conditions for Plaintiff and others there working.

14.  That on January 18, 2008, at approximately 3:00 P.M., Plaintiff Lockhart was seriously and permanently injured in a fall through an opening in the grating of the drilling rig floor located about 15 feet above the ground.

15.  Notwithstanding its duty at the aforementioned time and place, Defendant, by and through its agents, servants and employees, was then and there guilty of one or more of the following careless and negligent acts and/or omissions:

    (a)    Failed to make a reasonable inspection of the premises and the work being performed when the Defendant knew or should have known, based on prior falls and in the exercise of ordinary care, that said inspection was necessary to prevent injury to Plaintiff,

 (b) Improperly operated, managed, maintained and controlled the aforesaid premises, so that as a direct and proximate result thereof, Plaintiff was injured,

 (c) Improperly allowed work to be done at an elevated work position under hazardous conditions when such work should not have been allowed,

 (d) Improperly allowed work to be performed at an elevated work position, where there was a danger of falling through an opened grate, without the use of a tie off or safety belt or safety line,

 (e) Improperly allowed work to be performed at an elevated work position, where there was a danger of falling through an opened grate, without warning of the fall hazard created by the removal of grating,

 (f) Improperly allowed work to be performed at an elevated work position, where there was a danger of falling through an opened grate, without barricading or otherwise marking the opening,

 (g) Failed to provide Plaintiff with a reasonably safe place to work,

 (h) Failed to provide adequate safeguards to prevent Plaintiff from injury while lawfully on Defendants' premises, and/or

 (i) Failed to follow and enforce its own safety rules concerning the warning, marking, and barricading of open grates on elevated floors.

16. As a direct and proximate result of one or more of the foregoing acts or omissions of negligence on the part of Defendant Duke, Plaintiff was caused to fall, thereby he sustained and has suffered severe, permanent and progressive injuries including but not limited to multiple fractures and injuries of his shoulder; that as a result of his injuries Plaintiff has required substantial medical care and attention and will require further and future medical care and attention; he has incurred medical expenses and will continue to incur medical expenses in the future; he has lost earnings in a great sum and his ability to work and earn in the future is permanently and greatly impaired; he has experienced great pain and suffering in the past and

will continue to experience pain and suffering in the future; and furthermore, he has sustained a permanent injury and disability, all to his damage.

**WHEREFORE,** Plaintiff Ronald D. Lockhart prays judgment in his favor and against Defendant Duke Energy Indiana, Inc. awarding Plaintiff full and fair compensation for his injuries and losses, his costs of this action, and all other just and proper relief.

### Count II - Joint Venture - Duke

Comes now Plaintiff, Ronald D. Lockhart, by and through his undersigned attorneys, and for his claim in the alternative against Defendant Duke Energy Indiana, Inc. alleges and states as follows:

1 - 11. Plaintiff repeats, realleges, and incorporates by reference, Paragraphs One (1) through Eleven (11) of Count I as if fully set forth herein.

12. Defendant Duke and Defendant Subsurface entered into an alliance agreement with respect to the construction and drilling of waste disposal wells, and particularly Duke's Waste Disposal Well No. 3, which was being constructed on and before January 18, 2008 at the above referenced location.

13. On and about January 3, 2008, Defendant Duke and Defendant Subsurface contracted with Pioneer Oil Field Services, LLC for the construction and drilling of Waste Disposal Well No. 3 on Duke's property located at its Gibson Generating Station in Gibson County, Indiana.

14. Defendant Duke and Defendant Subsurface, individually and each of them, operated, supervised and controlled the construction and drilling of Duke's Waste Disposal Well No. 3 under the terms of their contracts.

15. Defendant Duke and Defendant Subsurface maintained equal rights to direct, control

and supervise the construction and drilling of Duke's Waste Disposal Well No. 3.

16. Defendant Duke and Defendant Subsurface shared a community of interest in the construction and drilling of Duke's Waste Disposal Well No. 3.

17. Defendant Duke's and Defendant Subsurface's profits and losses were tied together in the joint undertaking of constructing Duke's Waste Disposal Well No. 3.

18. That at all times material hereto, the Defendants, and each of them, had a duty to exercise reasonable care in the construction and drilling of Duke's Waste Disposal Well No. 3, including the provision of safe, suitable and proper working conditions for Plaintiff and others there working.

19. That on January 18, 2008, at approximately 3:00 P.M., Plaintiff Lockhart was seriously and permanently injured in a fall through an opening in the grating of the drilling rig floor located about 15 feet above the ground.

20. Notwithstanding its duties at the aforementioned time and place, Defendant Duke, individually and through its agents, servants, employees and co-adventurers was then and there guilty of one or more of the following careless and negligent acts and/or omissions:

 (a) Failed to make a reasonable inspection of the premises and the work being performed when the Defendant knew or should have known, based on prior falls and in the exercise of ordinary care, that said inspection was necessary to prevent injury to Plaintiff,

 (b) Improperly operated, managed, maintained and controlled the aforesaid premises, so that as a direct and proximate result thereof, Plaintiff was injured,

 (c) Improperly allowed work to be done at an elevated work position under hazardous conditions when such work should not have been allowed,

 (d) Improperly allowed work to be performed at an elevated work position,

    where there was a danger of falling through an opened grate, without the use of a tie off or safety belt or safety line,

(e) Improperly allowed work to be performed at an elevated work position, where there was a danger of falling through an opened grate, without warning of the fall hazard created by the removal of grating,

(f) Improperly allowed work to be performed at an elevated work position, where there was a danger of falling through an opened grate, without barricading or otherwise marking the opening,

(g) Failed to provide Plaintiff with a reasonably safe place to work,

(h) Failed to provide adequate safeguards to prevent Plaintiff from injury while lawfully on Defendants' premises, and/or

(i) Failed to follow and enforce its own safety rules concerning the warning, marking, and barricading of open grates on elevated floors.

21. As a direct and proximate result of one or more of the foregoing acts or omissions of negligence on the part of Defendant Duke, Plaintiff was caused to fall, thereby he sustained and has suffered severe, permanent and progressive injuries including but not limited to multiple fractures and injuries of his shoulder; that as a result of his injuries Plaintiff has required substantial medical care and attention and will require further and future medical care and attention; he has incurred medical expenses and will continue to incur medical expenses in the future; he has lost earnings in a great sum and his ability to work and earn in the future is permanently and greatly impaired; he has experienced great pain and suffering in the past and will continue to experience pain and suffering in the future; and furthermore, he has sustained a permanent injury and disability, all to his damage.

**WHEREFORE,** Plaintiff Ronald D. Lockhart prays judgment in his favor and against Defendant Duke Energy Indiana, Inc. awarding Plaintiff full and fair compensation for his

injuries and losses, his costs of this action, and all other just and proper relief.

### Count III - Negligence - Subsurface

Comes now Plaintiff, Ronald D. Lockhart, by and through his undersigned attorneys, and for his cause of action against Defendant Subsurface Construction Corporation, alleges and states as follows:

1 - 11. Plaintiff repeats, realleges, and incorporates by reference, Paragraphs One (1) through Eleven (11) of the General Allegations as if fully set forth herein.

12. That on the aforesaid time and place and prior thereto, the Defendant Subsurface, through its agents, servants and employees, was present during the course of the construction and drilling of the above identified disposal well and participated in coordinating the work being performed, designated various work methods, maintained and checked work progress and participated in the scheduling and inspection of the work. In addition, Defendant Subsurface maintained the authority to stop the work, refuse the work, order changes in the work and to terminate the employment of any workers not following its or Defendant Duke's instructions and safety rules.

13. That at all times material hereto, Defendant Subsurface had a duty to exercise reasonable care in the construction and drilling of Duke's Waste Disposal Well No. 3, including the provision of safe, suitable and proper working conditions for Plaintiff and others there working.

14. That on January 18, 2008, at approximately 3:00 P.M., Plaintiff Lockhart was seriously and permanently injured in a fall through an opening in the grating of the drilling rig floor located about 15 feet above the ground.

15. Notwithstanding its duty at the aforementioned time and place, Defendant Subsurface, by and through its agents, servants and employees, was then and there guilty of one or more of the following careless and negligent acts and/or omissions:

(a) Failed to make a reasonable inspection of the premises and the work being performed when the Defendant knew or should have known in the exercise of ordinary care that said inspection was necessary to prevent injury to Plaintiff,

(b) Improperly operated, managed, maintained and controlled the aforesaid premises, so that as a direct and proximate result thereof, Plaintiff was injured,

(c) Improperly allowed work to be done at an elevated work position under hazardous conditions when such work should not have been allowed,

(d) Improperly allowed work to be performed at an elevated work position, where there was a danger of falling through an opened grate, without the use of a tie off or safety belt or safety line,

(e) Improperly allowed work to be performed at an elevated work position, where there was a danger of falling through an opened grate, without warning of the fall hazard created by the removal of grating,

(f) Improperly allowed work to be performed at an elevated work position, where there was a danger of falling through an opened grate, without barricading or otherwise marking the opening,

(g) Failed to provide Plaintiff with a reasonably safe place to work, and/or

(h) Failed to follow and enforce safety rules concerning the warning, marking, and barricading of open grates on elevated floors.

16. As a direct and proximate result of one or more of the foregoing acts or omissions of negligence on the part of Defendant Subsurface, Plaintiff was caused to fall, thereby he sustained and has suffered severe, permanent and progressive injuries including but not limited to multiple fractures and injuries of his shoulder; that as a result of his injuries Plaintiff has required

substantial medical care and attention and will require further and future medical care and attention; he has incurred medical expenses and will continue to incur medical expenses in the future; he has lost earnings in a great sum and his ability to work and earn in the future is permanently and greatly impaired; he has experienced great pain and suffering in the past and will continue to experience pain and suffering in the future; and furthermore, he has sustained a permanent injury and disability, all to his damage.

**WHEREFORE,** Plaintiff Ronald D. Lockhart prays judgment in his favor and against Defendant Subsurface Construction Corporation, awarding Plaintiff full and fair compensation for his injuries and losses, his costs of this action, and all other just and proper relief.

### Count IV - Joint Venture - Subsurface

Comes now Plaintiff, Ronald D. Lockhart, by and through his undersigned attorneys, and for his claim in the alternative against Defendant Subsurface Construction Corporation alleges and states as follows:

1 - 11. Plaintiff repeats, realleges, and incorporates by reference, Paragraphs One (1) through Eleven (11) of Count III as if fully set forth herein.

12. Defendant Duke and Defendant Subsurface entered into an alliance agreement with respect to the construction and drilling of waste disposal wells, and particularly Duke's Waste Disposal Well No. 3, which was being constructed on and before January 18, 2008 at the above referenced location.

13. On and about January 3, 2008, Defendant Duke and Defendant Subsurface contracted with Pioneer Oil Field Services, LLC for the construction and drilling of waste disposal well No. 3 on Duke's property located at its Gibson Generating Station in Gibson County, Indiana.

14. Defendant Duke and Defendant Subsurface, individually and each of them, operated, supervised and controlled the construction and drilling of Duke's Waste Disposal Well No. 3 under the terms of their contracts.

15. Defendant Duke and Defendant Subsurface maintained equal rights to direct, control and supervise the construction and drilling of Duke's Waste Disposal Well No. 3.

16. Defendant Duke and Defendant Subsurface shared a community of interest in the construction and drilling of Duke's Waste Disposal Well No. 3.

17. Defendant Duke's and Defendant Subsurface's profits and losses were tied together in the joint undertaking of constructing Duke's Waste Disposal Well No. 3.

18. That at all times material hereto, the Defendants, and each of them, had a duty to exercise reasonable care in the construction and drilling of Duke's Waste Disposal Well No. 3, including the provision of safe, suitable and proper working conditions for Plaintiff and others there working.

19. That on January 18, 2008, at approximately 3:00 P.M., Plaintiff Lockhart was seriously and permanently injured in a fall through an opening in the grating of the drilling rig floor located about 15 feet above the ground.

20. Notwithstanding its duties at the aforementioned time and place, Defendant Subsurface, individually and through its agents, servants, employees and co-adventurers was then and there guilty of one or more of the following careless and negligent acts and/or omissions:

    (a)    Failed to make a reasonable inspection of the premises and the work being performed when the Defendant knew or should have known, and in the exercise of ordinary care, that said inspection was necessary to prevent injury to Plaintiff,

(b) Improperly operated, managed, maintained and controlled the aforesaid premises, so that as a direct and proximate result thereof, Plaintiff was injured,

(c) Improperly allowed work to be done at an elevated work position under hazardous conditions when such work should not have been allowed,

(d) Improperly allowed work to be performed at an elevated work position, where there was a danger of falling through an opened grate, without the use of a tie off or safety belt or safety line,

(e) Improperly allowed work to be performed at an elevated work position, where there was a danger of falling through an opened grate, without warning of the fall hazard created by the removal of grating,

(f) Improperly allowed work to be performed at an elevated work position, where there was a danger of falling through an opened grate, without barricading or otherwise marking the opening,

(g) Failed to provide Plaintiff with a reasonably safe place to work, and/or

(h) Failed to follow and enforce safety rules concerning the warning, marking, and barricading of open grates on elevated floors.

21. As a direct and proximate result of one or more of the foregoing acts or omissions of negligence on the part of Defendant Subsurface, Plaintiff was caused to fall, thereby he sustained and has suffered severe, permanent and progressive injuries including but not limited to multiple fractures and injuries of his shoulder; that as a result of his injuries Plaintiff has required substantial medical care and attention and will require further and future medical care and attention; he has incurred medical expenses and will continue to incur medical expenses in the future; he has lost earnings in a great sum and his ability to work and earn in the future is permanently and greatly impaired; he has experienced great pain and suffering in the past and will continue to experience pain and suffering in the future; and furthermore, he has sustained a

permanent injury and disability, all to his damage.

**WHEREFORE,** Plaintiff Ronald D. Lockhart prays judgment in his favor and against Defendant Subsurface Construction Corporation awarding Plaintiff full and fair compensation for his injuries and losses, his costs of this action, and all other just and proper relief.

### Jury Demand

Comes now Plaintiff, Ronald D. Lockhart, by and through his undersigned attorneys, and hereby demands trial by jury.

Respectfully submitted,

**MANN LAW FIRM**
646 Walnut Street
Post Office Box 9547
Terre Haute, Indiana 47808-9547
Telephone: (812) 232-0107
Telecopier: (812)232-3414

By: _____
John T. Roach

And

Larry N. Sloss, Jr.
**GOSNELL, BORDEN, ENLOE
 & SLOSS, LTD.**
815 12th Street
Post Office Box 737
Lawenceville, Illinois 62439
Telephone: (618) 943-2338
Telecopier: (618) 943-2080

***Attorneys for Plaintiff***