UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

RONALD D. LOCKHART,                )
                                   )
                    Plaintiff,     )
                                   )
vs.                                )        CASE NO.:  3:09-cv-100
                                   )
DUKE ENERGY INDIANA, INC., and     )
SUBSURFACE CONSTRUCTION            )
CORPORATION,                       )
                                   )
                    Defendants.    )

## ANSWER TO COMPLAINT

### I.

Comes now Defendant, Subsurface Construction Corporation,[1] by counsel, and

for its first paragraph of Answer to Plaintiff's Complaint, alleges and states as follows:

### General Allegations - Jurisdiction and Venue

1.      Plaintiff Ronald D. Lockhart is a resident and citizen of Illinois residing at

11615 East 920 Lane, Mount Carmel, Wabash County, Illinois.

**ANSWER:**   With respect to the allegations contained in Paragraph 1 of Plaintiff's

Complaint, Defendant lacks sufficient knowledge to admit or deny said allegations and,

therefore, denies each of the allegations contained in Paragraph 1 of Plaintiff's

Complaint.

---

[1]   The correct legal name of this answering Defendant is Subsurface Construction Corp.

2. Defendant Duke Energy Indiana, Inc. (hereinafter "Duke") is a citizen of Indiana, it is incorporated in the State of Indiana and has its principal place of business in the State of Indiana.

**ANSWER:**  With respect to the allegations contained in Paragraph 2 of Plaintiff's Complaint, Defendant lacks sufficient knowledge to admit or deny said allegations and, therefore, denies each of the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3. Defendant Subsurface Construction Corporation (hereinafter "Subsurface") is a citizen of Texas, it is incorporated in the State of Texas, and has its principal place of business in Houston, Texas.

**ANSWER:**  Defendant admits the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4. At all times material hereto, Subsurface regularly conducted business in Gibson County, Indiana.

**ANSWER:**  This answering Defendant admits that it has conducted business in Gibson County, Indiana.  Defendant denies, however, the remaining allegations contained in Paragraph 4 of Plaintiff's Complaint.

5. The amount in controversy is greater than $75,000.00.

**ANSWER:**  With respect to the allegations contained in Paragraph 5 of Plaintiff's Complaint, Defendant lacks sufficient knowledge to admit or deny said allegations and,

therefore, denies each of the allegations contained in Paragraph 5 of Plaintiff's Complaint.

6.     On and prior to January 18, 2008, Defendant Duke and Defendant Subsurface contracted for the construction and drilling of waste disposal wells on Duke's property located at its Gibson Generating Station in Gibson County, Indiana.

**ANSWER:** This answering Defendant admits that it entered into a contract with Duke bearing Contract No.: 00351581 to perform the work specified in the contract at Duke's Gibson Generating Station.    Defendant denies, however, the remaining allegations contained in Paragraph 6 of Plaintiff's Complaint.

7.     On and about January 3, 2008, Defendant Duke and Defendant Subsurface contracted with Pioneer Oil Field Services, LLC for the construction and drilling of Waste Disposal Well No. 3 on Duke's property located at its Gibson Generating Station in Gibson County, Indiana.

**ANSWER:**   This answering Defendant admits that it entered into a Drilling Bid Proposal and Daywork Drilling Contract with Pioneer Oil Field Services, LLC on or about January 3, 2008 for the performance of the services described in the aforementioned contract.    Defendant denies, however, the remaining allegations contained in Paragraph 7 of Plaintiff's Complaint.

8.     On or about January 18, 2008, Defendants, and each of them, owned, operated, supervised, were constructing and/or drilling a waste disposal well

3

commonly known as Waste Disposal Well No. 3 on the premises of Duke's Gibson Generating Station in Gibson County, Indiana.

**ANSWER:**   This answering Defendant admits that it was engaged in the performance of the contracts specified in Paragraphs 6 and 7 of this answering Defendant's Answer to the Plaintiff's Complaint on January 18, 2008. Defendant denies, however, the remaining allegations contained in Paragraph 8 of Plaintiff's Complaint.

9.   On January 18, 2008, Plaintiff, Ronald D. Lockhart, was employed by Pioneer Oil Field Services, LLC, and working in furtherance of the aforesaid project when he was injured in a fall through an opening in the drilling rig floor.

**ANSWER:**  This answering Defendant admits that Plaintiff Ronald D. Lockhart was an employee of Pioneer Oil Field Services, LLC working at the time the accident occurred.  Defendant is without sufficient information, however, to admit or deny the remaining allegations contained in Paragraph 9 of Plaintiff's Complaint and, therefore, denies the allegations.

10.   This Court has jurisdiction based on 28 U.S.C. § 1332.  The parties are citizens of diverse jurisdictions and the amount in controversy exceeds the sum of $75,000.00, exclusive of interests and costs.

**ANSWER:**  This answering Defendant admits that the parties named to this lawsuit are citizens of diverse jurisdictions.   Defendant is without sufficient information, however, to admit or deny whether the amount in controversy exceeds

4

$75,000.00 and, therefore, denies the remaining allegations of Paragraph 10 of Plaintiff's Complaint.

11.     Venue is appropriate in this judicial district under 28 U.S.C. § 139(a) in that a substantial part of the events or omissions giving rise to the claim occurred within the Southern District of Indiana.

**ANSWER:**   With respect to the allegations contained in Paragraph 11 of Plaintiff's Complaint, Defendant lacks sufficient knowledge to admit or deny said allegations and, therefore, denies each of the allegations contained in Paragraph 11 of Plaintiff's Complaint.

### Count I - Negligence - Duke

1-11.   Plaintiff repeats, realleges, and incorporates by reference Paragraphs One (1) through Eleven (11) of the General Allegations as if fully set forth herein.

**ANSWER:**   This answering Defendant restates and incorporates its answers to Paragraphs 1 through 11 of Plaintiff's Complaint as though fully set forth herein.

12.     That on the aforesaid time and place and prior thereto, the Defendant Duke, through its agents, servants and employees, was present during the course of the construction and drilling of the above identified disposal well and participated in coordinating the work being performed, designated various work methods, maintained and checked work progress and participated in the scheduling and inspection of the work.  In addition, Defendant Duke maintained the authority to stop the work, refuse

the work, order changes in the work and to terminate the employment of any workers not following Defendant Duke's instructions and safety rules.

   **ANSWER:**   This paragraph of Plaintiff's Complaint makes no reference or allegation to this answering Defendant and, therefore, no answer is provided. However, to the extent this paragraph of Plaintiff's Complaint is construed to advance allegations against this answering Defendant, the allegations are hereby denied.

   13.   That at all times material hereto, Defendant Duke had a duty to exercise reasonable care in the construction and/or drilling of the aforesaid waste disposal well, including the provision of safe, suitable and proper working conditions for Plaintiff and others there working.

   **ANSWER:**   This paragraph of Plaintiff's Complaint makes no reference or allegation to this answering Defendant and, therefore, no answer is provided. However, to the extent this paragraph of Plaintiff's Complaint is construed to advance allegations against this answering Defendant, the allegations are hereby denied.

   14.   That on January 18, 2008, at approximately 3:00 p.m., Plaintiff Lockhart was seriously and permanently injured in a fall through an opening in the grating of the drilling rig floor located about 15 feet above the ground.

   **ANSWER:**   This paragraph of Plaintiff's Complaint makes no reference or allegation to this answering Defendant and, therefore, no answer is provided. However, to the extent this paragraph of Plaintiff's Complaint is construed to advance allegations against this answering Defendant, the allegations are hereby denied.

6

15.    Notwithstanding its duty at the aforementioned time and place, Defendant, by and through its agents, servants and employees, was then and there guilty of one or more of the following careless and negligent acts and/or omissions:

   a.    Failed to make a reasonable inspection of the premises and the work being performed when the Defendant knew or should have known, based on prior falls and in the exercise of ordinary care, that said inspection was necessary to prevent injury to Plaintiff;

   b.    Improperly operated, managed, maintained and controlled the aforesaid premises, so that a direct and proximate result thereof, Plaintiff was injured;

   c.    Improperly allowed work to be done at an elevated work position under hazardous conditions when such work should not have been allowed;

   d.    Improperly allowed work to be performed at an elevated work position, where there was a danger of falling through an opened grate, without the use of a tie off or safety belt or safety line;

   e.    Improperly allowed work to be performed at an elevated work position, where there was a danger of falling through an opened grate, without warning of the fall hazard created by this removal of grating;

   f.    Improperly allowed work to be performed at an elevated work position, where there was a danger of falling through an opened grate, without barricading or otherwise marking the opening;

   g.    Failed to provide Plaintiff with a reasonably safe place to work;

   h.    Failed to provide adequate safeguards to prevent Plaintiff from injury while lawfully on Defendants' premises; and/or

   i.    Failed to follow and enforce its own safety rules concerning the warning, marking, and barricading of open grates on elevated floors.

**ANSWER:** This paragraph of Plaintiff's Complaint makes no reference or allegation to this answering Defendant and, therefore, no answer is provided. However, to the extent this paragraph of Plaintiff's Complaint is construed to advance allegations against this answering Defendant, the allegations are hereby denied.

16.   As a direct and proximate result of one or more of the foregoing acts or omissions of negligence on the part of Defendant Duke, Plaintiff was caused to fall, thereby he sustained and has suffered severe, permanent and progressive injuries including but not limited to multiple fractures and injuries of his shoulder; that as a result of his injuries Plaintiff has required substantial medical care and attention and will require further and future medical care and attention; he has incurred medical expenses and will continue to incur medical expenses in the future; he has lost earnings in a great sum and his ability to work and earn in the future is permanently and greatly impaired; he has experienced great pain and suffering in the past and will continue to experience pain and suffering in the future; and furthermore, he has sustained a permanent injury and disability, all to his damage.

**ANSWER:** This paragraph of Plaintiff's Complaint makes no reference or allegation to this answering Defendant and, therefore, no answer is provided. However, to the extent this paragraph of Plaintiff's Complaint is construed to advance allegations against this answering Defendant, the allegations are hereby denied.

## Count II - Joint Venture - Duke

1-11.    Plaintiff repeats, realleges, and incorporates by reference, Paragraphs One (1) through Eleven (11) of Count I as if fully set forth herein.

**ANSWER:**  This answering Defendant restates and incorporates its answers to Paragraphs 1 through 11 of Count I of Plaintiff's Complaint as though fully set forth herein.

12.    Defendant Duke and Defendant Subsurface entered into an alliance agreement with respect to the construction and drilling of waste disposal wells, and particularly Duke's Waste Disposal Well No. 3, which was being constructed on and before January 18, 2008 at the above-reference location.

**ANSWER:**  This answering Defendant admits that it entered into a contract with Duke bearing Contract No.: 00351581 to perform the work specified in the contract at Duke's Gibson Generating Station.    Defendant denies, however, the remaining allegations contained in Paragraph 12 of Count II of Plaintiff's Complaint.

13.    On and about January 3, 2008, Defendant Duke and Defendant Subsurface contracted with Pioneer Oil Field Services, LLC for the construction and drilling of Waste Disposal Well No. 3 on Duke's property located at its Gibson Generating Station in Gibson County, Indiana.

**ANSWER:**  This answering Defendant admits that it entered into a Drilling Bid Proposal and Daywork Drilling Contract with Pioneer Oil Field Services, LLC on or about January 3, 2008 for the performance of the services described in the

9

aforementioned contract.   Defendant denies, however, the remaining allegations contained in Paragraph 13 of Count II of Plaintiff's Complaint.

14.     Defendant Duke and Defendant Subsurface, individually and each of them, operated, supervised and controlled the construction and drilling of Duke's Waste Disposal Well No. 3 under the terms of their contracts.

**ANSWER:**   This answering Defendant admits that it was engaged in the performance of the contracts specified in Paragraphs 6 and 7 of this answering Defendant's Answer to the Plaintiff's Complaint on January 18, 2008.  Defendant denies, however, the remaining allegations contained in Paragraph 14 of Count II of Plaintiff's Complaint.

15.     Defendant Duke and Defendant Subsurface maintained equal rights to direct, control and supervise the construction and drilling of Duke's Waste Disposal Well No. 3.

**ANSWER:**  With respect to the allegations contained in Paragraph 15 of Count II of Plaintiff's Complaint, Defendant lacks sufficient knowledge to admit or deny said allegations and, therefore, denies each of the allegations contained in Paragraph 15 of Count II of Plaintiff's Complaint.

16.     Defendant Duke and Defendant Surface shared a community of interest in the construction and drilling of Duke's Waste Disposal Well No. 3.

**ANSWER:** Defendant denies the allegations contained in Paragraph 16 of Count II of Plaintiff's Complaint.

10

17.     Defendant Duke's and Defendant Subsurface's profits and losses were tied together in the joint undertaking of constructing Duke's Waste Disposal Well No. 3.

**ANSWER:**  Defendant denies the allegations contained in Paragraph 17 of Count II of Plaintiff's Complaint.

18.     That at all times material hereto, the Defendants, and each of them, had a duty to exercise reasonable care in the construction and drilling of Duke's Waste Disposal Well No. 3, including the provision of safe, suitable and proper working conditions for Plaintiff and others there working.

**ANSWER:**  This answering Defendant denies that Paragraph 18 sets forth a full and comprehensive restatement of Indiana law and, therefore, Defendant denies the allegations contained in Paragraph 18 of Count II of Plaintiff's Complaint.

19.     That on January 18, 2008, at approximately 3:00 p.m., Plaintiff Lockhart was seriously and permanently injured in a fall through an opening in the grating of the drilling rig floor located about 15 feet above the ground.

**ANSWER:**  With respect to the allegations contained in Paragraph 19 of Count II of Plaintiff's Complaint, Defendant lacks sufficient knowledge to admit or deny said allegations and, therefore, denies each of the allegations contained in Paragraph 19 of Count II of Plaintiff's Complaint.

20.     Notwithstanding its duties at the aforementioned time and place, Defendant Duke, individually and through its agents, servants, employees and co-

11

adventurers was then and there guilty of one or more of the following careless and negligent acts and/or omissions:

   a.   Failed to make a reasonable inspection of the premises and the work being performed when the Defendant knew or should have known, based on prior falls and in the exercise of ordinary care, that said inspection was necessary to prevent injury to Plaintiff;

   b.   Improperly operated, managed, maintained and controlled the aforesaid premises, so that a direct and proximate result thereof, Plaintiff was injured;

   c.   Improperly allowed work to be done at an elevated work position under hazardous conditions when such work should have not have been allowed;

   d.   Improperly allowed work to be performed at an elevated work position, where there was a danger of falling through an opened grate, without the use of a tie off or safety belt or safety line;

   e.   Improperly allowed work to be performed at an elevated work position, where there was a danger of falling through an opened grate, without warning of the fall hazard created by the removal of grating;

   f.   Improperly allowed work to be performed at an elevated work position, where there was a danger of falling through an opened grate, without barricading or otherwise marking the opening;

   g.   Failed to provide Plaintiff with a reasonably safe place to work;

   h.   Failed to provide adequate safeguards to prevent Plaintiff from injury while lawfully on Defendants' premises; and/or

   i.   Failed to follow and enforce its own safety rules concerning the warning, marking, and barricading of open grates on elevated floors.

   **ANSWER:** This paragraph of Plaintiff's Complaint makes no reference or allegation to this answering Defendant and, therefore, no answer is provided.

12

However, to the extent this paragraph of Plaintiff's Complaint is construed to advance allegations against this answering Defendant, the allegations are hereby denied.

21.     As a direct and proximate result of one or more of the foregoing acts or omissions of negligence on the part of Defendant Duke, Plaintiff was caused to fall, thereby he sustained and has suffered severe, permanent and progressive injuries including but not limited to multiple fractures and injuries of his shoulder; that as a result of his injuries Plaintiff has required substantial medical care and attention and will require further and future medical care and attention; he has incurred medical expenses and will continue to incur medical expenses in the future; he has lost earnings in a great sum and his ability to work and earn in the future is permanently and greatly impaired; he has experienced great pain and suffering in the past and will continue to experience pain and suffering in the future; and furthermore, he has sustained a permanent injury and disability, all to his damage.

**ANSWER:**     This paragraph of Plaintiff's Complaint makes no reference or allegation to this answering Defendant and, therefore, no answer is provided. However, to the extent this paragraph of Plaintiff's Complaint is construed to advance allegations against this answering Defendant, the allegations are hereby denied.

### Count III - Negligence - Subsurface

1-11.   Plaintiff repeats, realleges, and incorporates by reference, Paragraphs One (1) through Eleven (11) of the General Allegations as if fully set forth herein.

**ANSWER:**   This answering Defendant restates and incorporates its answers to Paragraphs 1 through 11 of the General Allegations of Plaintiff's Complaint as though fully set forth herein.

12.   That on the aforesaid time and place and prior thereto, the Defendant Subsurface, through its agents, servants and employees, was present during the course of the construction and drilling of the above identified disposal well and participated in coordinating the work being performed, designated various work methods, maintained and checked work progress and participated in the scheduling and inspection of the work.  In addition, Defendant Subsurface maintained the authority to stop the work, refuse the work, order changes in the work and to terminate the employment of any workers not following its or Defendant Duke's instructions and safety rules.

**ANSWER:**  This answering Defendant denies that Paragraph 12 of Court III of Plaintiff's Complaint accurately sets forth the precise legal and contractual obligations of the answering Defendant and, therefore, denies the allegations contained in Paragraph 12 of Count III of Plaintiff's Complaint.

13.   That at all times material hereto, Defendant Subsurface had a duty to exercise reasonable care in the construction and drilling of Duke's Waste Disposal Well No. 3, including the provision of safe, suitable and proper working conditions for Plaintiff and others there working.

14

**ANSWER:**   This answering Defendant denies that Paragraph 13 sets forth a full and comprehensive restatement of Indiana law and, therefore, Defendant denies the allegations contained in Paragraph 13 of Count III of Plaintiff's Complaint.

14.   That on January 18, 2008, at approximately 3:00 p.m., Plaintiff Lockhart was seriously and permanently injured in a fall through an opening in the grating of the drilling rig floor located about 15 feet above the ground.

**ANSWER:**   This answering Defendant admits that Plaintiff Ronald Lockhart was involved in an accident on January 18, 2008.   Defendant is without, however, sufficient information to admit or deny the remaining allegations contained in Paragraph 14 of Count III of Plaintiff's Complaint and, therefore, denies the allegations.

15.   Notwithstanding its duty at the aforementioned time and place, Defendant Subsurface, by and through its agents, servants and employees, was then and there guilty of one or more of the following careless and negligent acts and/or omissions:

     a.    Failed to make a reasonable inspection of the premises and the work being performed when the Defendant knew or should have known in the exercise of ordinary care that said inspection was necessary to prevent injury to Plaintiff;

     b.    Improperly operated, managed, maintained and controlled this aforesaid premises, so that as a direct and proximate result thereof, Plaintiff was injured;

     c.    Improperly allowed work to be done at an elevated work position under hazardous conditions when such work should not have been allowed;

15

d.  Improperly allowed work to be performed at an elevated work position, where there was a danger of falling through an opened grate, without the use of a tie off or safety belt or safety line;

e.  Improperly allowed work to be performed at an elevated work position, where there was a danger of falling through an opened grate, without warning of the fall hazard created by the removal of grating;

f.  Improperly allowed work to be performed at an elevated work position, where there was a danger of falling through an opened grate, without barricading or otherwise marking the opening;

g.  Failed to provide Plaintiff with a reasonably safe place to work; and/or

h.  Failed to follow and enforce safety rules concerning the warning, marking, and barricading of open grates on elevated floors.

**ANSWER:** This answering Defendant denies the allegations contained in Paragraph 15 of Count III of Plaintiff's Complaint.

16.  As a direct and proximate result of one or more of the foregoing acts or omissions of negligence on the part of Defendant Subsurface, Plaintiff was caused to fall, thereby he sustained and has suffered severe, permanent and progressive injuries including but not limited to multiple fractures and injuries of his shoulder, that as a result of his injuries Plaintiff has required substantial medical care and attention and will require further and future medical care and attention; he has incurred medical expenses and will continue to incur medical expenses in the future; he has lost earnings in a great sum and his ability to work and earn in the future is permanently and greatly impaired; he has experienced great pain and suffering in the past and will continue to

16

experience pain and suffering in the future; and further, he has sustained a permanent injury and disability, all to his damage.

**ANSWER:**   This answering Defendant denies the allegations contained in Paragraph 16 of Count III of Plaintiff's Complaint.

### Count IV - Joint Venture - Subsurface

1-11.   Plaintiff repeats, realleges, and incorporates by reference, Paragraphs One (1) through Eleven (11) of Count III as if fully set forth herein.

**ANSWER:**   This answering Defendant restates and incorporates its answers to Paragraphs 1 through 11 of Count III of Plaintiff's Complaint as though fully set forth herein.

12.   Defendant Duke and Defendant Subsurface entered into an alliance agreement with respect to the construction and drilling of waste disposal wells, and particularly Duke's Waste Disposal Well No. 3, which was being constructed on and before January 18, 2008 at the above referenced location

**ANSWER:**   This answering Defendant denies the allegations contained in Paragraph 12 of Count IV of Plaintiff's Complaint.

13.   On and about January 3, 2008, Defendant Duke and Defendant Subsurface contracted with Pioneer Oil Field Service, LLC for the construction and drilling of Waste Disposal Well No. 3 on Duke's property located at its Gibson Generating Station in Gibson County, Indiana.

17

**ANSWER:** This answering Defendant admits that it entered into a Drilling Bid Proposal and Daywork Drilling Contract with Pioneer Oil Field Services, LLC on or about January 3, 2008 for the performance of the services described in the aforementioned contract. Defendant denies, however, the remaining allegations contained in Paragraph 13 of Count IV of Plaintiff's Complaint.

14.     Defendant Duke and Defendant Subsurface, individually and each of them, operated, supervised and controlled the construction and drilling of Duke's Waste Disposal Well No. 3 under the terms of their contracts.

**ANSWER:** This answering Defendant admits that it was engaged in the performance of the contracts specified in Paragraphs 6 and 7 of this answering Defendant's Answer to the Plaintiff's Complaint on January 18, 2008. Defendant denies, however, the remaining allegations contained in Paragraph 14 of Count IV of Plaintiff's Complaint.

15.     Defendant Duke and Defendant Subsurface maintained equal rights to direct, control and supervise the construction and drilling of Duke's Waste Disposal Well No. 3.

**ANSWER:** With respect to the allegations contained in Paragraph 15 of Count II of Plaintiff's Complaint, Defendant lacks sufficient knowledge to admit or deny said allegations and, therefore, denies each of the allegations contained in Paragraph 15 of Count IV of Plaintiff's Complaint.

16.     Defendant Duke and Defendant Subsurface shared a community of interest in the construction and drilling of Duke's Waste Disposal Well No. 3.

**ANSWER:**     This answering Defendant denies the allegations contained in Paragraph 16 of Count IV of Plaintiff's Complaint.

17.     Defendant Duke's arid Defendant Subsurface's profits and losses were tied together in the joint undertaking of the constructing Duke's Waste Disposal Well No. 3.

**ANSWER:**     This answering Defendant denies the allegations contained in Paragraph 17 of Count IV of Plaintiff's Complaint.

18.     That at all times material hereto, the Defendants, and each of them, had a duty to exercise reasonable care in the construction and drilling of Duke's Waste Disposal Well No. 3, including the provision of safe, suitable and proper working conditions for Plaintiff and others there working.

**ANSWER:**  This answering Defendant denies that Paragraph 18 sets forth a full and comprehensive restatement of Indiana law and, therefore, Defendant denies the allegations contained in Paragraph 18 of Count IV of Plaintiff's Complaint.

19.     That on January 18, 2008, at approximately 3:00 p.m., Plaintiff Lockhart was seriously and permanently injured in a fall through an opening in the grating of the drilling rig floor located about 15 feet above the ground.

**ANSWER:**   With respect to the allegations contained in Paragraph 19 of Count IV of Plaintiff's Complaint, Defendant lacks sufficient knowledge to admit or deny said

allegations and, therefore, denies each of the allegations contained in Paragraph 19 of Count IV of Plaintiff's Complaint.

20.     Notwithstanding its duties at the aforementioned time and place, Defendant Subsurface, individually and through its agents, servants, employees and co-adventurers was then and there guilty of one or more of the following careless and negligent acts and/or omissions:

a.     Failed to make a reasonable inspection of the premises and the work being performed when the Defendant knew or should have known, and in the exercise of ordinary care, that said inspection was necessary to prevent injury to Plaintiff;

b.     Improperly operated, managed, maintained and controlled the aforesaid premises, so that as a direct and proximate result thereof, Plaintiff was injured;

c.     Improperly allowed work to be done at an elevated work position under hazardous conditions when such work should have not have been allowed;

d.     Improperly allowed work to be performed at an elevated work position, where there was a danger of falling through an opened grate, without the use of a tie off or safety belt or safety line;

e.     Improperly allowed work to be performed at an elevated work position, where there was a danger of falling through an opened grate, without warning of the fall hazard created by the removal of grating;

f.     Improperly allowed work to be performed at an elevated work position, where there was a danger of falling through an opened grate, without barricading or otherwise marking the opening;

g.     Failed to prove Plaintiff with a reasonably safe place to work, and/or;

20

      h.    Failed to follow and enforce safety rules concerning the warning, marking, and barricading of open grates on elevated floors.

**ANSWER:**   This answering Defendant denies the allegations contained in Paragraph 20 of Count IV of Plaintiff's Complaint.

21.    As a direct and proximate result of one or more of the foregoing acts or omissions of negligence on the part of Defendant Subsurface, Plaintiff was caused to fall, thereby he sustained and has suffered severe, permanent and progressive injuries including but not limited to multiple fractures and injuries of his shoulder; that as a result of his injuries Plaintiff has required substantial medical care and attention and will require further and future medical care and attention; he has incurred medical expenses and will continue to incur medical expenses in the future, he has lost earnings in a great sum and his ability to work and earn in the future is permanently and greatly impaired; he has experienced great pain and suffering in the past and will continue to experience pain and suffering in the future; and furthermore, he has sustained a permanent injury and disability, all to his damage.

**ANSWER:**   This answering Defendant denies the allegations contained in Paragraph 21 of Count IV of Plaintiff's Complaint.

WHEREFORE, Defendant, Subsurface Construction Corporation, by counsel, prays that Plaintiff, Ronald D. Lockhart, take nothing by way of his Complaint; that judgment be entered in its favor; for the costs of the action; and for all other just and proper relief in the premises.

21

## AFFIRMATIVE DEFENSES

### II.

Comes now Defendant, Subsurface Construction Corporation, by counsel, and for its second paragraph of Answer and first paragraph of Affirmative Defense to Plaintiff's Complaint, alleges and states that Plaintiff, Ronald D. Lockhart, is guilty of fault which caused or contributed to the incident of which he complains and such contributory fault operates either to bar the claims of the Plaintiff in their entirety or to reduce his right to recover from the Defendant to the extent of his comparative fault.

WHEREFORE, Defendant, Subsurface Construction Corporation, by counsel, prays that Plaintiff, Ronald D. Lockhart, take nothing by way of his Complaint; that judgment be entered in its favor; for the costs of the action; and for all other just and proper relief in the premises.

### III.

Comes now Defendant, Subsurface Construction Corporation, by counsel, and for its third paragraph of Answer and second paragraph of Affirmative Defense to Plaintiff's Complaint, alleges and states that Plaintiff's Complaint fails to state a claim upon which relief may be granted.

WHEREFORE, Defendant, Subsurface Construction Corporation, by counsel, prays that Plaintiff, Ronald D. Lockhart, take nothing by way of his Complaint; that judgment be entered in its favor; for the costs of the action; and for all other just and proper relief in the premises.

22

## IV.

Comes now Defendant, Subsurface Construction Corporation, by counsel, and for its fourth paragraph of Answer and third paragraph of Affirmative Defense to Plaintiff's Complaint, alleges and states that Plaintiff assumed and/or incurred the risk of a known danger.

WHEREFORE, Defendant, Subsurface Construction Corporation, by counsel, prays that Plaintiff, Ronald D. Lockhart, take nothing by way of his Complaint; that judgment be entered in its favor; for the costs of the action; and for all other just and proper relief in the premises.

## V.

Comes now Defendant, Subsurface Construction Corporation, by counsel, and for its fifth paragraph of Answer and fourth paragraph of Affirmative Defense to Plaintiff's Complaint, alleges and states that Plaintiff's damages were caused by the fault of non-party Pioneer Oil Field Services, LLC and/or its employees thus reducing or barring Plaintiff's right to recover from the Defendant.

WHEREFORE, Defendant, Subsurface Construction Corporation, by counsel, prays that Plaintiff, Ronald D. Lockhart, take nothing by way of his Complaint; that judgment be entered in its favor; for the costs of the action; and for all other just and proper relief in the premises.

## VI.

Comes now Defendant, Subsurface Construction Corporation, by counsel, and for its sixth paragraph of Answer and fifth paragraph of Affirmative Defense to Plaintiff's Complaint, alleges and states that Plaintiff's First Amended Complaint and resultant damages resulted due to an unavoidable accident, sudden emergency or other condition or occurrence for which this answering Defendant is not liable or responsible.

WHEREFORE, Defendant, Subsurface Construction Corporation, by counsel, prays that Plaintiff, Ronald D. Lockhart, take nothing by way of his Complaint; that judgment be entered in its favor; for the costs of the action; and for all other just and proper relief in the premises.

Respectfully submitted,

MILLER MURPHY, LLP


s/Calvert S. Miller _____
Calvert S. Miller   #18079-02
Attorney for Defendant
Subsurface Construction Corporation

110 W. Berry Street, Suite 1500
Fort Wayne, IN  46802
(260) 423-1500
CSM/lm  14,092-336

24

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of September, 2009, a copy of the foregoing Notice of Appearance was filed electronically.  Notice of this filing will be sent to the following parties by operation of the Court's CM/ECF system.

John T. Roach, Esq.
Mann Law Firm
john@mannlawfirm.com

Larry N. Sloss, Jr., Esq.
Gosnell, Borden, Enloe & Sloss, Ltd.
gbes@gbeslaw.com

James D. Roellgen, Esq.
Emison Doolittle Kolb & Roellgen
roellgen@emisonlaw.com

s/Calvert S. Miller